UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JINGBANG ZHONG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>Defendants. | CASE NO. C26-1014JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is the Government's[1] motion to dismiss Plaintiff Jingbang Zhong's complaint for improper venue and/or for failure to state a claim. (MTD (Dkt. # 7); Reply (Dkt. # 11).) Mr. Zhong opposes the motion. (Resp. (Dkt. # 10).) The court

[1] Defendants are the United States Department of State; the United States Embassy in Beijing, China; Secretary of State Marco Rubio; and United States Ambassador of the United States Embassy in Beijing, China David Perdue (together, the "Government"). (*See* Compl. (Dkt. # 1) ¶¶ 9-12.)

has reviewed the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[2] the court GRANTS in part the Government's motion and TRANSFERS this action to the United States District Court for the District of Columbia.

## II. BACKGROUND

Mr. Zhong, a citizen of China, is the beneficiary of an approved H-1B nonimmigrant visa petition. (Compl. ¶¶ 1, 3.) He is is currently outside the United States in either China or Canada. (*See* Resp. at 7 (noting that Mr. Zhong "left for China for what was intended to be a short trip"); *id.* at 20 (noting that Mr. Zhong is "temporarily . . . stuck in Canada").)

Mr. Zhong filed a DS-160 Nonimmigrant Visa Application on July 26, 2025. (Compl. ¶ 4.) On September 22, 2025, the State Department conducted Mr. Zhong's visa interview. (*Id.* ¶ 5.) Mr. Zhong represents that his visa application was initially approved during the interview, but the status of his application was later changed and, as a result, his case remains under review. (*Id.* ¶ 6.) The Government clarifies, however, that the consular officer refused Mr. Zhong's visa under the Immigration and Nationality Act ("INA") § 221(g), 8 U.S.C. § 1201(g). (*See* MTD at 2; *see also* Resp., Ex. C (emails from Senator Maria Cantwell and Senator Patty Murray, forwarding information from the United States Embassy in Beijing, China).) To date, the Government has refused to issue

[2] Neither party requests oral argument, and the court finds that oral argument would not assist it in the resolution of the motion. *See* Local Rules W.D. Wash LCR 7(b)(4).

Mr. Zhong's visa and has not provided Mr. Zhong any information regarding when or if it will issue the visa. (Compl. ¶¶ 7-8.)

Mr. Zhong asserts that he intends to return to Seattle to work when his visa is approved. (*Id.* ¶ 14; *see* Zhong Decl. (Dkt. # 10-1) ¶ 6 (stating that Mr. Zhong has worked for Amazon.com since June 2022).) Mr. Zhong is currently unable to come to the United States, is on unpaid leave from his job, and has lost access to his employer-sponsored benefits such as 401(k) matching and health insurance. (Compl. ¶¶ 29-30.) He has been separated from his cat and has paid rent since September 2025 on his apartment in Seattle despite being unable to live there. (*Id.* ¶ 30; Zhong Decl. ¶ 10.)

Mr. Zhong filed this action on March 25, 2026. (*See generally* Compl.) He alleges that the Government's failure to issue his visa violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), and the Due Process Clause of the Fifth Amendment to the United States Constitution. (*Id.* ¶¶ 16-30.) As relief, he seeks a writ of mandamus compelling the Government to (1) complete administrative processing of his visa application within 60 days, (2) issue his visa, and (3) explain "the cause and nature of the delay and inform [him] of any action [it] may take to accelerate processing of the visa stamp." (*Id.* at 6-7.)

The Government moved to dismiss this case on June 5, 2026. (*See generally* MTD.) The motion is now fully briefed and ripe for decision.

## III. ANALYSIS

The Government moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) for improper venue or under Rule 12(b)(6) for failure to state a claim.

(*See generally* MTD.) For the reasons set forth below, the court agrees with the Government that venue is improper under Rule 12(b)(3) and therefore transfers the action to the United States District Court for the District of Columbia.

Under 28 U.S.C. § 1391(e)(1), a civil action against an officer, employee, or agency of the United States:

> may . . . be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Federal officers "reside," for venue purposes, where they perform their official duties. *See Zhang v. DeHart*, No. C24-0064KKE, 2024 WL 3027739, at *2 (W.D. Wash. June 17, 2024) (citing *Reuben H. Donnelly Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978)). The plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "Courts may consider facts outside the pleadings and need not accept the pleadings as true, but all reasonable inferences and factual conflicts must be resolved in the nonmoving party's favor." *Kantharia v. USCIS*, 672 F. Supp. 3d 1030, 1032 (C.D. Cal. 2023) (citation omitted). If venue is improper, the court "shall dismiss" the case or, "if it be in the interest of justice," transfer it to a district where it could have originally been brought. 28 U.S.C. § 1406(a). Whether to dismiss or transfer is within the court's discretion. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

The court agrees with the Government that venue for this action does not lie in the Western District of Washington. First, venue is improper under § 1391(e)(1)(A) because

the acts and omissions Mr. Zhong challenges took place at a consulate abroad and the State Department is in the District of Columbia. *See Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1081 (C.D. Cal. 2024) ("Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes, and that venue does not lie in every district where a federal agency has an office.") (citation omitted). As a result, none of the Defendants "reside" in the Western District of Washington. *See* 28 U.S.C. 1391(e)(1)(A). Second, venue is improper under § 1391(e)(1)(B) because Mr. Zhong's consular interview, the refusal of his visa application, and the delayed re-adjudication of his visa application occurred at a consulate outside the United States. As a result, none of the events or omissions giving rise to this action took place in this District. *See* 28 U.S.C. § 1391(e)(1)(B); *see also Chorostecki*, 742 F. Supp. 3d at 1081 (finding venue improper because the plaintiff's claim arose from the delay of her visa application, which occurred outside the United States).

Finally, venue is improper under § 1391(e)(1)(C) because Mr. Zhong is a Chinese national who was in the United States on a temporary nonimmigrant visa and is thus not a resident of this District. *See Fang v. Rubio*, No. 25-cv-05151-TSH, 2025 WL 2772860, at *2 (N.D. Cal. Sept. 29, 2025) ("The Supreme Court has held that an alien 'is assumed not to reside in the United States, and hence must resort to the domicil[e] of the defendant.'") (quoting *Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496, 506-07 (1894)). Although Mr. Zhong protests that he resides here because he lived and worked in Seattle for over four years and continues to pay rent, insurance, and animal boarding costs in Washington, (*see* Resp. at 7), that is not enough to overcome the presumption

that he resides outside the United States. *See Fang*, 2025 WL 2772860, at *2 (finding venue improper where the plaintiff was a Chinese citizen located outside the United States, even though she had a residential lease in California, a California drivers' license, and verification of employment from her California-based H1-B petitioning employer).

Because venue is improper in this District, the court may either dismiss the action or transfer it to a proper district. 28 U.S.C. § 1406(a). Both parties propose transfer as an alternative to dismissal. (*See* Resp. at 7-8; Reply at 1.) Therefore, finding that transfer is in the interest of justice, the court transfers this matter to the District of Columbia under 28 U.S.C. § 1406(a) and 28 U.S.C. §§ 1391(e)(1)(A)-(B)

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part the Government's motion to dismiss (Dkt. # 7) for lack of venue and TRANSFERS this action to the United States District Court for the District of Columbia.

Dated this 24th day of August, 2026.

JAMES L. ROBART
United States District Judge